IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| In re: | : | Civil Action Nos. | 18-CV-2201 |
| THOMAS PICOZZI, | : | | 18-CV-2235 |
| Plaintiff | : | | 18-CV-2238 |
| | : | | 18-CV-2239 |
| | : | | 18-CV-2277 |
| | : | | 18-CV-2324 |
| | : | | 18-CV-2327 |

**KEARNEY, J.** June 8, 2018

## MEMORANDUM

Over approximately three weeks, Bucks County citizen Thomas Picozzi filed several frivolous cases in this Court including against judges and court staff in federal and state courts. Mr. Picozzi is largely upset with court orders or otherwise is challenging tortious conduct by fellow Pennsylvanians over which we lack subject matter jurisdiction. Each case lacks merit or we lack subject matter jurisdiction. In each case, Mr. Picozzi seeks leave to proceed *in forma pauperis*. Based on his sworn financial status, we grant Mr. Picozzi leave to proceed *in forma pauperis*. Upon close review, we dismiss each of his complaints in the accompanying Order. In light of his frenzied filing history of frivolous complaints, which reflects an abuse of the *in forma pauperis* privilege, we also require Mr. Picozzi to show cause before filing future lawsuits without paying the administrative and filing fees.

### I. Facts and procedural history.[1]

Mr. Picozzi filed eleven cases in less than a month. He initially filed cases appearing to be loosely based on a will, alleged assaults and murder, medical issues, injuries to his genitals, alleged harassment, and allegations he fathered children with two women who have since been

hiding the children from him. After our colleagues dismissed certain of those cases, primarily on jurisdictional grounds, Mr. Picozzi began filing lawsuits against those judges and court staff. He also filed a law suit based on his recent state court conviction for harassment, and a lawsuit based on a protection from abuse order obtained by his ex-wife. As Mr. Picozzi's earlier lawsuits in this Court underlie several of his cases against judges and court staff, we begin with his first filings before addressing the seven cases before us todayng the allegations in his more recent lawsuits.

### A. Judge Goldberg dismissed Mr. Picozzi's first case.

Mr. Picozzi filed his first Complaint at issue on May 11, 2018, docketed as *Picozzi v. McKeown*, No. 18-1998 (E.D. Pa.) and assigned to the Honorable Mitchell S. Goldberg. He sued Joseph McKeown, Pat Mason, Kathleen Kacknacker, Ethel McKeown, and Harry McKucking. Mr. Picozzi alleged "when [he] was a young kid Joseph molested [him] for they been harassing [him] when [his] mom die[d]."[2] He alleged these Defendants "made a will behind [his] back" and blocked his phone number from people.[3] Mr. Picozzi plead he "had to go to City Hall and get a will."[4] He also claimed the Defendants "had this people in the medical field do stuff to [him and he] got stuff in [his] private part where [he] can't have sex!"[5] Mr. Picozzi argued that "Joseph came to hospital and did stuff this Dr. Snyder no [sic] him real well and his brother Murphy."[6] He also lost his house up in Langhorne.[7] According to Mr. Picozzi, Mr. Murphy and his sister "tr[ied] to kill [him] at a wedding by drugging [him]."[8] He claimed the Defendants' actions "screw[ed him] up" mentally.[9] As relief, he asked the Court to "put the guy behind bars."[10]

On May 16, 2018, Judge Goldberg granted Mr. Picozzi leave to proceed *in forma pauperis* and dismissed his Complaint without prejudice. Judge Goldberg found Mr. Picozzi had

2

not stated a basis for a federal civil rights claim under 42 U.S.C. § 1983, as Mr. Picozzi had not sued state actors and lacked a judicially cognizable interest in the prosecution of others. To the extent Mr. Picozzi asserted claims under state law, he had not stated a basis for diversity jurisdiction under 28 U.S.C. § 1332, as the Complaint did not plead the parties' citizenship. Judge Goldberg gave Mr. Picozzi leave to amend in the event he could establish a basis for diversity jurisdiction. Mr. Picozzi has not yet filed an amended complaint.

### B. Judge Rufe dismissed Mr. Picozzi's second case.

Mr. Picozzi filed his second Complaint on May 15, 2018, docketed as *Picozzi v. Guy Peiagelee & Sons*, No. 18-2032 (E.D. Pa.) and assigned to the Honorable Cynthia M. Rufe. Mr. Picozzi sued Guy Peiagelee & Sons, Harry McKucking, Franny Laffy, Ed Coreyel, Ed Coreyel, Jr., Joseph Biccala and Son, Gerry Coganlen, Mike Jacab, Noll Orr, Bob Burns, and Rich Gannon. Mr. Picozzi alleged Harry McKucking tried to kill him because he found out that McKucking had murdered his daughter.[11] He alleged McKucking had Mr. Picozzi's ex-wife "drug [him] for years they killed [him he] came back."[12] Mr. Picozzi then heard "they [stole] over 150 million off of the state of PA convention."[13] Subsequently, "Carpenter top men where good friend with all the doctor they had [Picozzi] beat up put stuff in [his] private part [his] body where [he] can't have sex."[14] Guy Peiagalee and his son allegedly stole a grave site from Mr. Picozzi's family where "a little baby" was buried.[15] Franny Laffy "was [allegedly] involved in a murder of [Picozzi's] buddy Larry Sullivan," and she was also allegedly involved in what happened to Mr. Picozzi.[16] Mr. Picozzi alleged these events occurred in 2011.[17] With respect to injuries, Mr. Picozzi alleged he "can't have sex can't pee [right] it all swelling up down there" and that he has "a sound in [his] head all day."[18] He alleged he called the carpenters' union 1,000 times and it has not called him back.[19]

3

On May 18, 2018, Judge Rufe granted Mr. Picozzi leave to proceed *in forma pauperis* and dismissed his Complaint. Judge Rufe explained several of Mr. Picozzi's allegations rose to the level of delusional because they were based on irrational or nonsensical thoughts. Judge Rufe also found no basis for a federal claim and, to the extent Mr. Picozzi plead claims under state law, he plead no basis for diversity jurisdiction under 28 U.S.C. § 1332. After concluding amendment is futile, Judge Rufe dismissed the case with prejudice.

### C. Judge Goldberg dismissed Mr. Picozzi's third case.

At the same time Mr. Picozzi filed his Complaint in Civil Action Number 18-2032, Mr. Picozzi filed *Picozzi v. McKeown*, Civ. A. No. 18-2033 (E.D. Pa.) assigned to Judge Goldberg. He sued Sue McKeown, Frank McKeown, Terry McKeown, Paddie Riley, and Francis Janson (identified in the caption as Frais Janson). Mr. Picozzi alleged he fathered children with Sue McKeown and Paddie Riley but those women hid the children from him, and some of the other Defendants affected his mind through the television. His exhibits attached to the Complaint showed Mr. Picozzi contacted Francis Janson, Esquire about claims and other Defendants had asked Mr. Picozzi to stop contacting them or they would report him to the police, presumably for harassment.

On May 21, 2018, Judge Goldberg granted Mr. Picozzi leave to proceed *in forma pauperis* and dismissed his Complaint with prejudice. As Judge Rufe found with Mr. Picozzi's second case, Judge Goldberg found some of Mr. Picozzi's allegations appeared delusional and, to the extent he plead state law claims, he failed to plead diversity jurisdiction. Judge Goldberg dismissed with prejudice finding amendment would be futile.

### D. Mr. Picozzi sues Judge Goldberg and Judge Rufe.

Responding to their judicial orders, Mr. Picozzi filed three cases against Judges Goldberg and Rufe, seeking to proceed *in forma pauperis* in each one. On May 25, 2018, Mr. Picozzi filed *Picozzi v. Goldberg*, alleging Judge Goldberg violated his rights or otherwise wronged him by dismissing his third case. Mr. Picozzi asks for Judge Goldberg to meet with him, call him, or write to him. Mr. Picozzi subsequently filed a "statement" containing allegations about his attorney, his ex-wife, and a will. He attached the will as an exhibit.

Four days later, Mr. Picozzi filed two Complaints on May 29, 2018. In *Picozzi v. Goldberg*, No. 18-2238 (E.D. Pa.), he sued Judge Goldberg, Clerk of Court Kate Barkman, and two members of the Clerk's Office staff. He challenges Judge Goldberg's dismissal of Mr. Picozzi's first case and would like to "have a meeting" with the Judge.[20] He alleges no facts against the other Defendants. In *Picozzi v. Ruff [sic]*, No. 18-2239 (E.D. Pa.), he sued Judge Rufe (incorrectly spelled Judge Ruff), two members of the Clerk's Office staff, and an individual named Leslie Szabo. He challenges Judge Rufe's dismissal of his second case. He alleges no conduct by the Clerk's office or Leslie Szabo.

### E. Mr. Picozzi again sues Attorney Janson.

On May 25, 2018, the same date that Mr. Picozzi filed his first case against Judge Goldberg, Mr. Picozzi filed *Picozzi v. Janson*, No. 18-2210 (E.D. Pa.), assigned to the Honorable C. Darnell Jones II. He again sued Francis Gerard Janson, the attorney who had previously been included as a Defendant in Civil Action Number 18-2033, alleging he sought Attorney Janson's advice regarding allegations of harassment and sexual assault, women were hiding children from him, and regarding a will. On June 1, 2018, Judge Jones granted Mr. Picozzi leave to proceed *in forma pauperis*, construed his Complaint as raising legal malpractice claims, and dismissed the

5

Complaint for lack of subject matter jurisdiction for lack of diversity. Judge Jones denied him leave to file an amended complaint, but the dismissal of his claims was without prejudice to suing Attorney Janson in state court.

### F. Mr. Picozzi files his first personal injury case.

On the same day that Mr. Picozzi filed his second case against Judge Goldberg and his first case against Judge Rufe, he also filed a personal injury Complaint against nineteen defendants: Dr. Allen Snyder, Kimberly Groew, Dr. Stein, Khan Mohammad, Leslie Szabo, Lefton BPH Skewlec, Saul Miller, Bruce Sizer, Segal Aaronson, Sharon Picozzi (his ex-wife), "Boyfriend", Dr. Denisa Perice, Bill Clemens, D. Enpawo, Judy Stevenson, "Murphy", Mike Hand Brother, Frank Capano, and Phila D.M. Construction. We docketed the case as *Picozzi v. Snyder*, No. 18-2235 (E.D. Pa.) and assigned this personal injury case to Judge Jones.

Mr. Picozzi alleged a hospital admitted him for gastrointestinal bleeding in August 2015. He alleges he "die[d] a few time[s]" while in the hospital.[21] Dr. Capano and Dr. Perice "had 10 IV in [him]" and a blonde nurse put a tube in his mouth and poured liquid down his throat so that he would not die.[22] Mr. Picozzi stated that Dr. Snyder informed him that he would be on oxygen and would walk with a walker for the rest of his life. Mr. Picozzi "then . . . found out they put something in [his] prevent [sic] parts" and alleges that Dr. Snyder knew about "something in [his] air way."[23] After the hospital released him, "this guy Murphy & Jim and Brain [sic] Donahue tr[ied] to beat [him] up 3 time[s]."[24] He also alleges someone beat him up at an Alcoholics Anonymous meeting and he filed a police report to record this conduct. Mr. Picozzi then returned to the hospital who told him he had heart failure. Mr. Picozzi alleges he hears noises, cannot have sex because his "penis won't get hard," cannot urinate correctly, and has

6

difficulty breathing.[25] Mr. Picozzi seeks to proceed *in forma pauperis*, but it is not clear what relief, if any, he is requesting from the Court.

### G. Mr. Picozzi's second personal injury case.

Mr. Picozzi filed a second personal injury Complaint on May 31, 2018 suing Allen Robert Snyder, William J. Benz, and Officer Brown docketed as *Picozzi v. Snyder*, No. 18-2277 (E.D. Pa.) and assigned to the Honorable Gene E.K. Pratter. The case is essentially based on a criminal charge filed against Mr. Picozzi for harassing Dr. Snyder. Mr. Picozzi alleges he received "a non-traffic citation summons . . . for calling Dr. Allen Robert Snyder for help."[26] Mr. Picozzi alleges he called the Doctor for help and believes the Doctor "put something in [his] air way and something in [his] privet [sic] parts."[27]

Mr. Picozzi alleges Officer Brown interviewed him for his "side of they [sic] story."[28] Officer Brown may have filed the harassment charge against Mr. Picozzi. Mr. Picozzi, however, alleges he does not think Dr. Snyder should have pursued the charge.

A review of public dockets confirms on April 26, 2018, the Bucks County authorities charged Mr. Picozzi with one count of "Harassment – Course of Conduct W/No Legitimate Purpose."[29] On May 23, 2018, Magisterial District Judge William J. Benz found Mr. Picozzi guilty of harassing Dr. Snyder. Mr. Picozzi attended a hearing (presumably the summary trial) and told Judge Benz what Dr. Snyder allegedly did and also informed him "this guy murphy from Aria Hospital had me beat up in [an] A.A. meeting."[30] Mr. Picozzi also apparently told Judge Benz of his swollen private parts. Despite his testimony, Judge Benz found Mr. Picozzi "guilty of phone harassment."[31]

Mr. Picozzi's Complaint and attachments also reference the carpenters union suggesting it is involved with the hospital, discusses various individuals and events including an incident

7

related to a casino, and mentions a divorce, but it is not clear how those allegations relate to Mr. Picozzi's claims against Dr. Snyder, Judge Benz, or Officer Brown. Again, Mr. Picozzi seeks to proceed *in forma pauperis* but it is not clear what relief he seeks from the Court.

### H. Mr. Picozzi sues Judge Rufe, Judge Pratter, Judge Goldberg and Judge Jones.

On June 4, 2018, Mr. Picozzi sued Judge Goldberg, Judge Rufe (incorrectly spelled Judge Ruff), Judge Jones, Judge Pratter, and an employee of the Clerk's Office. Mr. Picozzi expresses dissatisfaction with Judge Jones's dismissal of his Complaint in No. 18-2210. Mr. Picozzi lists reasons why he believes Judge Jones erred and also appears to reference allegations contained in complaints not before Judge Jones. Mr. Picozzi seeks leave to proceed *in forma pauperis* but does not request any particular relief from the Court.

### I. Mr. Picozzi sues a variety of persons relating to his domestic issues.

Mr. Picozzi then sued Robert L. Katzenstein (a divorce attorney), Judge Frge, Mr. Picozzi's ex-wife Sharon, Linda C. Frederick, Steve Tomas (an employee of this Court's Clerk's Office), Officer Mark Werth, Middle Town Police, "Mary from Medicare," and Mr. Romaciki (identified as a "prison Guard in court room"). As with all of his other cases, Mr. Picozzi seeks to proceed *in forma pauperis*. Mr. Picozzi's claims appear to be predicated primarily on a notice his ex-wife had moved for a protection from abuse order against him in the family division of the Bucks County Court of Common Pleas and a related proceeding. As with his other Complaints, Mr. Picozzi diverges into allegations unrelated to the named parties.

Mr. Katzenstein apparently asked if Mr. Picozzi would like him to serve as his attorney, presumably in connection with a hearing related to his ex-wife's petition. During their discussion, Mr. Picozzi "told him what happen[ed] to [him] up here in Doylestown went to Buck [sic] county for two days for nothing" and adds he thinks "they were trying to put [him] in

8

prison."[32] It is not clear to whom "they" refers. Mr. Picozzi attended a hearing in court on April 11, 2018. During the hearing "[t]he judge keep say a buddy of [his] dad's name[d] Mr. Sullivan said it lik[e] 4 or 5 time[s] like he worked there" and Mr. Katzenstein said "derogatory things" to Mr. Picozzi.[33] Mr. Picozzi alleges that he "[kept] [his] mouth shut" because he "wasn't sure what was going on."[34] He contends that he experienced a mental breakdown from the "harassment" he experienced.[35] It appears that Judge Frge presided over the hearing and issued Mr. Picozzi's ex-wife a protection from abuse order against Mr. Picozzi.

In an attachment to his Complaint, Mr. Picozzi suggests a link between the deaths of two of his friends, and suggests third-parties—including Harry McKuckie and members of the McKeown family whom he has sued in other cases—caused the protection from abuse order, the deaths, and/or other bad things happening to him. Mr. Picozzi also believes his ex-wife "lied on the abuse order."[36] He again references the carpenter's union and alleged abuses at the convention center, and questions whether "some people in city hall" are involved in corruption. He appears to believe his ex-wife tried to kill him and had members of the carpenter's union come to his house "looking at stuff in [his] garage it was on this T.V. stuff."[37] His remaining rambling allegations read like a sprawling conspiracy theory. Mr. Picozzi also attached various documents to his Complaint, most of which are related to the protection from abuse order sought by his ex-wife, and the rest of which do not clarify the basis for additional claims.

### J.  Chief Judge Stengel reassigned Mr. Picozzi's cases to ensure judicial economy.

As Mr. Picozzi responds to dismissal orders by suing the Judges assigned to his cases, Chief Judge Lawrence F. Stengel reassigned all of Mr. Picozzi's pending cases (Nos. 18-2201, 18-2235, 18-2238, 18-2239, 18-2277, 18-2324, and 18-2327) to me as we have not been sued by

9

him. We must now review Mr. Picozzi's Motions to proceed *in forma pauperis* and screening under 28 U.S.C. § 1915(e)(2)(B).[38]

## II. Analysis

### A. We grant Mr. Picozzi's motions for leave to proceed *in forma pauperis*.

We grant Mr. Picozzi leave to proceed *in forma pauperis* as he is not capable of paying the fees to commence this civil action.

As we are waiving his filing fees, Congress requires we screen his Complaints under 28 U.S.C. § 1915(e)(2)(B). We must dismiss Mr. Picozzi's Complaints if, among other things, they are frivolous or fail to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact,"[39] and is legally baseless if it is "based on an indisputably meritless legal theory."[40]

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)[41], which requires we determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[42] Conclusory statements and naked assertions will not suffice.[43] Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[44] As Mr. Picozzi is proceeding *pro se*, we construe his allegations liberally.[45]

We begin with Rule 8(a) of the Federal Rules of Civil Procedure requiring a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." Wet may *sua sponte* dismiss a complaint not compliant with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."[46]

10

Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue."[47]

### B. We dismiss Mr. Picozzi's cases against judges and court staff.

Mr. Picozzi brings four cases against judges and court staff based on Mr. Picozzi's displeasure with the judges dismissing his cases. As noted above: No. 18-2201 is based on Judge Goldberg's dismissal of No. 18-2033; No. 18-2238 is based on Judge Goldberg's dismissal of Mr. Picozzi's initial Complaint in No. 18-1998; No. 18-2239 is based on Judge Rufe's dismissal of No. 18-2032; and No. 18-2324 is based on Judge Jones's dismissal of No. 18-2210. Mr. Picozzi also sued Judges Rufe and Goldberg in No. 18-2324, although it is not clear why. He also sues Judge Pratter (assigned to No. 18-2277) but he sues Judge Pratter before she ruled on the matter. As Mr. Picozzi does not specify the legal basis for his claims, we construe his claims as characterizing dismissal of his cases as violating his constitutional rights under *Bivens v. Six Unknown Named Agents of the FBI*.[48]

Judges are entitled to absolute immunity from civil rights claims based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.[49] "Judicial immunity attaches even if the act was done in furtherance of a conspiracy."[50]

Mr. Picozzi's claims against Judges Goldberg, Judge Rufe, and Judge Jones are all based on the manner in which those Judges handled his civil lawsuits. He presumably sued Judge Pratter merely because the Clerk of Court randomly assigned one of his cases to her. As Mr. Picozzi apparently sued all of the Judges for acts or omissions taken in their judicial capacity,

11

judicial immunity applies and there is no legal basis for any of Mr. Picozzi's lawsuits against those Judges.

Mr. Picozzi also named the Clerk of Court and Clerk's Office staff as Defendants in some of those cases. However, he has not plead facts against the individuals he sued so as to provide a basis for liability against them. Presumably, Mr. Picozzi named them as Defendants based on their roles in handling his cases as Court staff. If so, all of those Defendants are entitled to quasi-judicial immunity.[51] Additionally, Mr. Picozzi has not stated a claim against Leslie Szabo in No. 18-2239 because it is not clear why she played a role in the dismissal of Mr. Picozzi's case.

### C. We dismiss Mr. Picozzi's state law claims.

Mr. Picozzi's allegations in No. 18-2235 suggest he is primarily trying to raise medical malpractice claims and other state tort claims against the Defendants.[52] The only independent basis for our subject jurisdiction is under 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant."[53]

Mr. Picozzi's Complaint in No. 18-2235 pleads Mr. Picozzi and at least some of the Defendants are Pennsylvania citizens. We lack subject matter jurisdiction over the personal injury cases against Pennsylvania citizens. We dismiss Mr. Picozzi's Complaint in No. 18-2235 without prejudice for lack of subject matter jurisdiction.

### D. We dismiss Mr. Picozzi's claims challenging his state court prosecution for harassing Dr. Snyder.

Mr. Picozzi's allegations in No. 18-2277 are based on the Commonwealth's prosecuting him for harassing Doctor Snyder.[54] As Mr. Picozzi has not specified a legal basis for his claims,

12

we construe his Complaint as raising claims under 42 U.S.C. § 1983 for violation of his rights in connection with the prosecution.

As with federal judges, state judges such as Judge Benz, who Mr. Picozzi named as a Defendant, is entitled to absolute judicial immunity based on acts he took while presiding over Mr. Picozzi's case and for his role in convicting Mr. Picozzi of harassment.[55] Mr. Picozzi's claims against Judge Benz must be dismissed as legally baseless because it appears Mr. Picozzi sued him for acts taken in his judicial capacity.

Mr. Picozzi's only allegation against Officer Brown—the officer who apparently charged him—is Officer Brown interviewed him for his "side of they [sic] story."[56] This allegation does not state a claim for a constitutional violation. Even assuming we liberally construe this fact as raising a malicious prosecution claim based on Officer Brown filing the harassment charge, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"[57] This requirement must be met regardless of whether *habeas* relief is available to the plaintiff.[58] If Mr. Picozzi is attempting to sue Officer Brown based on his prosecution for harassment, those claims are not cognizable because Mr. Picozzi's conviction on the charge has not been vacated or otherwise invalidated. We dismiss these claims without prejudice should a court invalidate Mr. Picozzi's harassment conviction.

Mr. Picozzi has also not stated a § 1983 claim against Dr. Snyder. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws

13

of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[59] Dr. Snyder is not a state actor. He may not be held liable under § 1983. To the extent Mr. Picozzi sought to bring state claims against Dr. Snyder, he has again failed to establish our subject matter jurisdiction because the parties are not diverse for purposes of 28 U.S.C. § 1332 and we decline to exercise supplemental jurisdiction absent a valid federal claim.

### E. We dismiss Mr. Picozzi's suits arising from litigation with his ex-wife.

Mr. Picozzi's allegations in No. 18-2327 are based on the protection from abuse order sought by his ex-wife in state court.[60] As Mr. Picozzi has not specified a legal basis for his claims, we will construe the Complaint as raising claims under 42 U.S.C. § 1983 for violation of his rights in connection with state court proceedings related to the protection from abuse order.

Mr. Picozzi does not state a claim against most of the Defendants because he fails to allege what they have done or why they are liable to him. For instance, Mr. Picozzi does not plead conduct by Linda C. Frederick, Steve Tomas,[61] Officer Mark Werth, Middle Town Police, "Mary from Medicare," or "Mr. Romaciki." He has not stated a claim against them. Further, as it appears Mr. Picozzi named "Judge Frge" as a Defendant because the Judge issued a protection from abuse order to his ex-wife, the claims against Judge Frge are barred by judicial immunity and are legally frivolous.[62]

As Mr. Picozzi's ex-wife and his attorney are not state actors, they are not subject to liability under § 1983. To the extent Mr. Picozzi sought to bring any state claims against those or other Defendants, he has again failed to establish our subject matter jurisdiction over those claims because the parties are not diverse for purposes of 28 U.S.C. § 1332 and we decline to exercise supplemental jurisdiction.

14

**F. We require Mr. Picozzi show cause why we should not bar further filing of non-civil *habeas* cases without paying the administrative and filing fees.**

Mr. Picozzi filed eleven cases in a three-week period, all of which have been dismissed at the screening stage after Mr. Picozzi has been granted leave to proceed *in forma pauperis*. He is taking advantage of Congress' waiver of filing fees which must be paid by all citizens.

After careful review of his rambling and often disturbing complaints in a frenzied filing over three weeks, we must find Mr. Picozzi has abused the privilege of proceeding *in forma pauperis* and will require Mr. Picozzi to show cause why he should not be enjoined from filing any more civil non-*habeas* cases in this Court without prepayment of the filing fee and administrative fee.[63] Mr. Picozzi's displeasure with the judicial orders in either this Court or in state court are properly addressed in our court of appeals or the Pennsylvania appellate courts. As he cannot come close to pleading a civil rights case, we dismiss all of his claims except the possible malicious prosecution against Officer Brown with prejudice.

## III. Conclusion

We dismiss Mr. Picozzi's Complaints in the above seven cases in the accompanying Order. Amendments are futile. We decline leave to amend. We further require Mr. Picozzi to show cause as to why he should not be enjoined from filing any more civil non-*habeas* cases in this Court without prepayment of the filing fee and administrative fee.

---

[1] We derive the facts from Mr. Picozzi's pleadings and public dockets for other cases he previously filed in this Court including those underlying his claims in the instant cases.

[2] No. 18-1998, Compl. at 3.

[3] *Id.*

[4] *Id.*

[5] *Id.*

---

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* at 4.

[10] *Id.*

[11] No. 18-2032, Compl. at 3.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] No. 18-2238, Compl. ECF No. 2 at 6.

[21] No. 18-2235, Compl. ECF No. 2 at 6.

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.* at 7.

[26] No. 18-2277, Compl. ECF No. 2 at 6.

[27] *Id.*

[28] *Id.* at 10.

[29] *Commonwealth v. Picozzi*, Docket No. MJ-07201-NT-0000075-2018.

[30] No. 18-2277, Compl. ECF No. 2 at 6.

[31] *Id.*

[32] No. 18-2327, Compl. ECF No. 2 at 3.

[33] *Id.*

[34] *Id.*

[35] *Id.* at 4.

[36] *Id.*, ECF 2-1 at 1.

[37] *Id.* at 3.

[38] Number 18-1998 has also been reassigned, as it remains pending. However, nothing is before the Court in Civil Action Number 18-1998 at this time.

[39] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[40] *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

[41] *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[42] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[43] *Id.*

[44] Fed. R. Civ. P. 12(h)(3).

[45] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)

[46] *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).

[47] *Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

[48] 403 U.S. 388 (1971).

[49] *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Soto v. Sleet*, 458 F. App'x 89, 90 (3d Cir. 2012) (per curiam) (concluding that federal judge was entitled to immunity because "[t]he

allegations in Soto's complaint relate to action or inaction taken by the District Court in his capacity as a judge"); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam) (same).

[50] *Harvey*, 505 F. App'x at 90 (citing *Dennis v. Sparks*, 449 U.S. 24, 26-27 (1980)).

[51] *See Gallas v. Supreme Ct. of Pennsylvania*, 211 F.3d 760, 769 (3d Cir. 2000).

[52] We cannot discern any non-frivolous basis for a federal claim.

[53] *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

[54] As is true for several of his Complaints, Mr. Picozzi's Complaint in No. 18-2277 contains additional allegations bearing no apparent relation to the named Defendants. Those rambling and sometimes nonsensical allegations fail to establish a basis for a claim.

[55] *See Stump*, 435 U.S. at 355-56.

[56] No. 18-2277, Compl. ECF 2 at 10.

[57] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis omitted).

[58] *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006).

[59] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[60] As with No. 18-2277, Mr. Picozzi's Complaint in No. 18-2327 includes allegations bearing no apparent relation to the named Defendants. Those rambling and sometimes nonsensical allegations fail to establish any basis for a claim.

[61] Mr. Tomas is as an employee of the Clerk's Office. If Mr. Picozzi sues him for acts taken in connection with the processing or handling of Mr. Picozzi's cases, his claims are barred by quasi-judicial immunity.

[62] *See Stump*, 435 U.S. 355-56.

[63] *See Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process.").